### WESLEY v. CLOW et al.

(Circuit Court, D. Illinois. March 3, 1893.)

PATENTS FOR INVENTIONS—NOVELTY—CEMENT WASHTUBS.

Letters patent No. 327,209, issued September 29, 1885, to Carl Wesley, for washtubs and sinks made with metal strips at the upper edges, having flanges imbedded in the cement, are void for want of novelty.

In Equity. Suit by Carl Wesley against James B. Clow and others to restrain alleged infringement of a patent. Decree for defendants.

Dyrenforth & Dyrenforth, for complainant.
Coburn & Thacher, for defendants.

WOODS, Circuit Judge. Suit to enjoin infringement of the second claim of letters patent No. 327,209 issued September 29, 1885, to the complainant. The following is the claim:

"(2) As a new article of manufacture, a washtub, sink, and other articles, made substantially as herein described, the upper edges of the vessel of metal strips, F, having flanges imbedded in the outer and inner surfaces of the cement or cement compound, as and for the purposes set forth."

The proof shows that, before the issue of this patent, tubs and other articles had been made of marble, slate, and soapstone, with metal edges fastened on with screws or nails, and cement tubs had been made with wooden protection upon their edges. The

mechanical difference between the metal edges of the complainant's
tub, and those of the older tubs of marble or slate, is that the
former, being imbedded in the cement, adhere without other fas-
tenings; this imbedding being effected in the process of casting or
molding the tubs.    There was, it is plain, no invention in the con-
ception or design of a metal edge for a tub or other vessel made
of cement.    The claim is not for a process, but simply for an
article of manufacture; but, if it were possible to include in it
the process of manufacture, it would still be without novelty.
Patents No. 114,946 (James J. Johnston) and No. 180,794 (F. Schaf-
fer) show articles of manufacture (artificial stones and building
blocks) made of cement or cement compounds, with metal casings
or facings attached or imbedded in the same manner.    The pat-
ent in suit must therefore be deemed void for want of novelty.
Decree accordingly.